**KRISTIN K. MAYES**
**Attorney General**
(Firm State Bar No. 14000)
Office of the Arizona Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-3333

Karen J. Hartman-Tellez (021121)
Kara Karlson (029407)
Kyle Cummings (032228)
Karen.Hartman@azag.gov
Kara.Karlson@azag.gov
Kyle.Cummings@azag.gov
Adminlaw@azag.gov
*Attorneys for Defendant Adrian Fontes*

Joshua M. Whitaker (032724)
Syreeta A. Tyrell (034273)
Jaylia Yan (041148)
Joshua.Whitaker@azag.gov
Syreeta.Tyrell@azag.gov
Jaylia.Yan@azag.gov
ACL@azag.gov
*Attorneys for Defendant Kristin K. Mayes*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Winn, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>Adrian Fontes, *et al.*<br><br>Defendants. | No. CV-26-03108-PHX-MTL<br><br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's Minute Entry Order of June 2, 2026, the parties submit the following joint status report addressing the topics outlined by the Court in preparation for its June 16, 2026 preliminary injunction hearing, as follows:

**1. Whether additional time for the preliminary injunction hearing is necessary.**

Plaintiffs' Position:

Consistent with what we understood to be the Court's desire to hold a single hearing on a single morning, Plaintiffs are prepared to present declarants Strabala and Smith for cross-examination by defendants on June 16, 2026.

However, Defendants indicate that they cannot bring their declarant State Election Director Lisa Marra due to scheduling conflicts, whom we should be allowed to cross examine just as the State is insisting on cross-examining Plaintiffs' witnesses. In Plaintiffs' view, this means that additional time on June 16 will not be necessary for that hearing day, given that Marra is said to be unavailable that day.  Plaintiffs' counsel are available for further hearing, if the Court finds further hearing necessary or desirable, on June 24–26, 29–30, July 1, 6–9, 13, and 15.

Defendants' Position:

Additional time on June 16 will not be necessary.  However, as explained below, if Plaintiffs wish to cross-examine State Election Director Lisa Marra, she is unavailable on June 16, so Defendants would respectfully request an additional hearing date at which Plaintiffs could cross-examine her.  Ms. Marra can be available on June 24-26, 29-30, July 6-10, 13, or 15-16.

**2. If parties intend on presenting evidence and calling witnesses.**

Plaintiffs' Position:

Plaintiffs intend to rely upon Plaintiffs' complaint (*see* Doc. 1), Plaintiffs' motion for preliminary injunction (*see* Docs. 12, 13, 14, 19), Defendants' response (*see* Doc. 23), and Plaintiffs' reply when filed.

Plaintiffs were first informed of Defendants' intent to cross-examine Messrs.

1

Strabala and Smith today, June 9, 2026, during an 11:30 am ET video discussion among the parties' counsel; Plaintiffs' counsel were surprised to learn at that time that Defendants' proposal was to keep June 16, 2026 hearing date, even though Ms. Marra could not be cross-examined that day.    Plaintiffs' declarants Strabala and Smith are available for direct-and-cross-examination as to their testimony submitted via their declarations on June 16, 2026.

Marra's Declaration states she previously served as Deputy State Election Director Doc. 23-7 at ¶ 2.  The Secretary of State's most recent budget submission indicates 15 full-time employees in the Election Services division.  Declaration of Eric Neal Cornett, Ex. A at 212. The Secretary of State may even have more up-to-date information showing additional FTEs. The Office of the Secretary of State's organizational chart indicates Ms. Marra reports to Assistant Secretary of State Keely Varvel and the Office of the Secretary of State is served by General Counsel Amy Chen, *id.* at 6, and we do not understand why they could not adopt Ms. Marra's declaration and testify on June 16. Nevertheless, Defendants have represented to Plaintiffs than **no** similarly competent representative will be available for cross-examination on June 16.  As such, Plaintiffs are unable to cross-examine any witness for the Defendants at that hearing.  As noted above, Plaintiffs' declarants Strabala and Smith are available for the hearing.

Plaintiffs may attach additional declarations to their reply.  In the event that any declarant is unavailable for the June 16, 2026 hearing, Plaintiffs respectfully request that those declarants be made available for cross-examination on the same day as Ms. Marra comes in to testify and will endeavor to find a date as soon as practicable when both Ms. Marra and those declarants share availability, making strong efforts to make that second hearing day on or as close to June 24 as possible.

Defendants' Position:

At this time Defendants do not plan to present evidence beyond the documents attached to Plaintiffs' complaint (*see* Doc. 1), Plaintiffs' motion for preliminary injunction (*see* Docs. 12, 13, 14, 19), and Defendants' response (*see* Doc. 23).  This

evidence includes Ms. Marra's testimony submitted via her June 5 declaration, which was attached to Defendants' response.  (*See* Doc. 23-7.)

If Plaintiffs seek to present the declarations of Dave Smith and Joel Strabala (*see* Docs. 13, 14), Defendants intend to call these witnesses to testify on cross-examination.[1]

Should Plaintiffs wish to cross-examine Ms. Marra, since she is unavailable on June 16 as explained in her June 5 declaration (*see* Doc. 23-7 at 7–8), Defendants would respectfully request an additional hearing date at which Plaintiffs could cross-examine her.  Ms. Marra can be available on June 24-26, 29-30, July 6-10, 13, or 15-16.[2]

Above, Plaintiffs state that they "may attach additional declarations to their reply" (which is due June 12), and "[i]n the event that any declarant is unavailable" on June 16, Plaintiffs request that such declarants be permitted to testify on "the same day as Ms. Marra."  Defendants would be fine with that timing.  Defendants do not currently know who these potential additional declarants will be or what they will say, so Defendants reserve the right to object or present evidence in response to any such additional declarations.

---

[1] The fact that Defendants plan to cross-examine Mr. Smith and Mr. Strabala should not have come as a surprise to Plaintiffs, since they are the witnesses who submitted declarations in support of the motion for a preliminary injunction.  Notably, Defendants' counsel emailed Plaintiffs' counsel at 8:58 a.m. Arizona time yesterday (June 8) to propose a call for either that afternoon or the following morning to discuss this joint status report.  Plaintiffs' counsel was not available until the following morning.  That is why the call did not occur until then.

[2] Plaintiffs' suggestion that another witness in the Secretary of State's office could "adopt" Ms. Marra's declaration and testify on June 16 is unworkable.  As Ms. Marra explained in her declaration, she "and other Secretary of State's Office staff" must travel to each of Arizona's 15 counties to conduct logic and accuracy testing from June 15 through June 22.  (Doc. 23-7 at 7-8.)  Moreover, Ms. Marra has a unique perspective on the issues in this case given her previous experience as a county elections director.

RESPECTFULLY SUBMITTED this 9th day of June, 2026.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**


By  */s/ Karen J. Hartman-Tellez*
Karen J. Hartman-Tellez
Kara Karlson
Kyle Cummings
*Attorneys for Arizona Secretary of State*
*Adrian Fontes*


Joshua M. Whitaker
Syreeta A. Tyrell
Jaylia Yan
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, AZ 85004-1592
Telephone: (602) 542-3333
*Attorneys for Arizona Attorney General*
*Kristin K. Mayes*


/s/ *Neal Cornett* (with permission)
Neal Cornett (DC# 1660201)*
Jeffrey B. Clark, Sr. (DC# 455315)*
THE OVERSIGHT PROJECT
2033 K. Street NW, Ste 250
Washington, DC 20006
(606) 275-0978
neal@itsyourgov.org

Neal K. Carter (AZ#034200)
NEAL K. CARTER, ESQ
P.O. Box 245
Queen Creek, AZ 85142
(480) 628-1037
neal@nealkcarteresq.com

*Admitted pro hac vice*

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 9th day of June, 2026, I filed the foregoing document electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing

*/s/ Karen J. Hartman-Tellez*