# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Winn, et al., | No. CV-26-03108-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Adrian Fontes, et al., | |
| Defendants. | |

Having considered the parties' Joint Status Report (Doc. 25) concerning the upcoming preliminary injunction hearing set for June 16, 2026 (Doc. 22),

**IT IS ORDERED** setting a supplemental in-person preliminary injunction hearing for **June 24, 2026 at 2:00 PM**, to allow Plaintiff the opportunity to cross examine State Election Director Lisa Marra and to allow Defendant to cross examine any other declarants Plaintiffs identify.

**IT IS FURTHER ORDERED** that the parties shall **jointly** prepare and file a joint pre-hearing statement by **June 12, 2026**, setting forth the following information for both the June 16, 2026 hearing and the supplemental hearing on June 24, 2026:[1]

**A.    COUNSEL FOR THE PARTIES**

Include the mailing addresses, office phone numbers and email addresses.

Plaintiff(s):

Defendant(s):

---

[1] The Court's copy of every document required by this Order shall be **three-hole punched** on the left side of the document.

**B.    STATEMENT OF JURISDICTION**

Cite the statute(s) that gives this Court jurisdiction.

State whether jurisdiction is or is not disputed.

(If jurisdiction is disputed, the party contesting jurisdiction shall set forth with specificity the bases for the objection.)

**C.    LIST OF WITNESSES**

Each party shall **separately** list the names of witnesses, their respective addresses, whether a fact or expert witness, and a brief statement as to the testimony of each witness. The witnesses shall be grouped as follows:  (1) witnesses who <u>shall</u> be called at the hearing; (2) witnesses who <u>may</u> be called at the hearing; and (3) witnesses who are <u>unlikely</u> to be called at the hearing.

Additionally, the parties shall include the following text in this section of the **joint** pre-hearing statement:  "Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed.  Each party further understands that any witness a party wishes to call shall be listed on that party's list of witnesses above and that party cannot rely on that witness having been listed or subpoenaed by another party."

**D.    LIST OF EXHIBITS** (SEE ATTACHMENT #1 **-** the parties shall number exhibits as provided in Attachment #1 ("Exhibits - Marking, Listing and Custody"), and such numbers shall correspond to the numbers of exhibits listed in the **joint** pre-hearing statement):

**1.**    The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

**a.**    Plaintiff's Exhibits:

**b.**    Defendant's Exhibits:

**2.**    As to the following exhibits, the parties have reached the following stipulations:

**a.**    Plaintiff's Exhibits:

**b.**    Defendant's Exhibits:

3.      As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below:

**a.**      Plaintiff's Exhibits:

(E.g., City Hospital records of Plaintiff from March 6, 1985 through March 22, 1985. Defendant objects for lack of foundation because . . . (the objection must specify why there is a lack of foundation)).

**b.**      Defendant's Exhibits:

(E.g., Payroll records of Plaintiff's employer which evidences payment of Plaintiff's salary during hospitalization and recovery.  Plaintiff objects on grounds of relevance and materiality because (the objection must specify why the exhibit is not relevant or material)).

4.      The parties shall include the following text in this section of the **joint** pre-hearing statement: "Each party hereby acknowledges by signing this **joint** pre-hearing statement that any objections not specifically raised herein are waived."

**E.      DEPOSITIONS TO BE OFFERED**

The parties shall list the depositions that may be used at the hearing.  The portions to be read at the hearing shall be identified by page and line number in the **joint** pre-hearing statement.  Additionally, the party offering the deposition shall provide the Court with a copy of the offered deposition testimony.  The offering party shall highlight, in color, the portions of the deposition to be offered.  If multiple parties are offering the same deposition, only one copy of such deposition shall be provided.  Such copy shall contain each parties' highlighting (each party should use a different color).

The parties shall include the following text in this section of the **joint** pre-hearing statement:  "Each party hereby acknowledges by signing this **joint** pre-hearing statement that any deposition not listed as provided herein will not be allowed, absent good cause."

**F.      PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Each party shall submit **separate** Proposed Findings of Fact and Conclusions of Law by **June 15, 2026**.  The Proposed Findings of Fact and Conclusions of Law shall be submitted by: 1) electronically filing a notice of filing the proposed findings of fact and

conclusions of law with the Clerk of the Court (the proposed findings of fact and conclusions of law must be attached to this notice); 2) mailing a paper copy (three-hole punched) to chambers; and 3) e-mailing a Word compatible copy to the chambers' e-mail address.[2] Additionally, Plaintiff shall submit a proposed preliminary injunction, including the proposed bond amount.

Dated this 10th day of June, 2026.

Michael T. Liburdi
Michael T. Liburdi
United States District Judge

---

[2] Liburdi_chambers@azd.uscourts.gov

**ATTACHMENT #1**
**EXHIBITS - MARKING, LISTING AND CUSTODY**
For United States District Court Judge
**Hon. Michael T. Liburdi**

Forms to assist you in preparing exhibit and witness lists and marking exhibits are available at www.azd.uscourts.gov under the "Judges' Information" tab, "Orders, Forms, & Procedures"

## MARKING EXHIBITS:

**Marking and listing of exhibits is the responsibility of counsel.** Counsel are required to use the exhibit cover sheets and/or adhesive labels as described herein.

**Exhibits submitted in an incorrect format will be returned to counsel to be corrected and resubmitted.**

1. Exhibit cover sheets should be printed on colored paper to indicate the party offering the exhibit: YELLOW for plaintiff, BLUE for defendant/respondent.

2. Exhibit cover sheets should be stapled to the top of the original exhibit.

3. If the exhibit is too large to staple, use a 2-hole ACCO fastener to fasten the exhibit together at the top of the page with the exhibit cover sheet attached to the front. Please do not use paperclips, binder clips, or rubber bands.

4. Exhibit labels are available (in blue or yellow) where stapling cover sheet is not an option. Labels are to be placed on the reverse side of the exhibit in the lower right-hand corner. Please notify the courtroom deputy if labels are needed.

5. Large or bulky items may require the use of tie tags with the exhibit label placed on the tag or marked in a logical location on the item or on the plastic bag containing the item. Large charts should be identified in the lower right-hand corner with an exhibit label. If the exhibit is an enlargement of another marked exhibit, it should be numbered as a sub-part of the smaller exhibit.

## NUMBERING EXHIBITS:

1. Plaintiff should start with Number 1 and advise defendant as to the estimated number of exhibits. Defendant should start with subsequent numbers but allowing space for additional exhibits that may be marked during the hearing. (Example: Plaintiff 1-80; Defendant starts at 100).

2. Use NUMBERS ONLY except when identifying sub-parts (e.g. 3a, 3b, 3c). If sub-parts will be more than a-z for a single exhibit, do not use double letters; instead commence with another number (e.g. 3x, 3y, 3z, 4a, 4b, etc. or 3-1, 3-2,3-3, etc.) It is very difficult for the court, counsel/parties, clerk and court reporter to ask for or listen for exhibits 1aa-1eeee. Categorizing exhibits should be kept as simple and clear as possible. For the most part, USE NUMBERS.

3. The parties shall consult with one another prior to marking exhibits to **avoid marking duplicates**. Either side may move the other's exhibits into evidence.

4. BATES stamp numbers may be placed on each page of larger documents for easier reference. Bocks of numbers may be used to categorize exhibits (e.g. series 1-99 are bank records; series 100-199 are tax returns; series 200-299 are photographs, etc.).

## DELIVERING EXHIBITS:

**Exhibits shall be delivered to the courtroom deputy by <u>no later than the first day of the hearing</u> unless otherwise directed.**

1. Place all marked exhibits in separate folders (manila or similar) clearly labeled with their corresponding exhibit numbers. Folders of exhibits may be presented to the clerk in an accordion file or file box (depending on the quantity) in numeric order. This will allow the clerk to easily access a particular exhibit during trial. DO NOT attached exhibits to the folders.

2. Prepare additional exhibit cover sheets and folders for any exhibits that may be added to during the hearing.

3. DO NOT place exhibits binders <u>except</u> when the binder is considered ONE marked exhibit. If a binder is used for an individual exhibit, an exhibit cover sheet or label should be securely attached to the front of the binder.

4. During the hearing, please be prepared to advise the courtroom deputy **in advance** which exhibits will be needed for each witness.

## COURTESY COPIES OF EXHIBITS:

**A courtesy copy of all exhibits should be prepared for the Judge.** <u>Copies</u> of exhibits should be presented prior to trial in a 3-ring binder with numbered tabs corresponding with the exhibit numbers.

Judge's copies of exhibits DO NOT need exhibit cover sheets/labels on them.

**IMPEACHMENT EXHIBITS:**

1. Impeachment exhibits are to be given to the courtroom deputy **the first day of the hearing** (unless directed otherwise) in a SEALED envelope. The envelope should be marked with the caption of the case, case number, and shall identify the party presenting the exhibit.

2. If there are multiple exhibits in one envelope, mark each exhibit with a separate number so that it may be easily identified. DO NOT use numbers already assigned to non-impeachment exhibits. If the exhibit is admitted into evidence, the courtroom deputy will assign the exhibit the next available number.

3. Include copies of all impeachment exhibits in the envelope for the Court and for counsel.

4. Prepare an impeachment exhibit list for the courtroom deputy in the proper format and a courtesy copy for the Court.

**DEPOSITIONS:**

Depositions ARE NOT to be marked as exhibits.

Identify depositions by party (so they can be returned to the correct party), place them in alphabetical order, and give them to the courtroom deputy the morning of the hearing.

**SENSITIVE EXHIBITS:**

1. The courtroom deputy clerk will NOT take custody of any sensitive exhibits. During lengthy breaks and at close of the day, these exhibits are returned to the government (usually the agent) until court resumes. Pursuant to LRCiv 79.1(b):

   Sensitive exhibits, whether or not received as evidence, shall remain in the custody of the arresting or investigating agency or its designee throughout the proceedings, unless otherwise ordered by the Court. Sensitive exhibits include drugs and drug paraphernalia, guns and other weapons, money, and any other exhibit designated as sensitive by the Court.

**WITNESS/EXHIBIT LISTS:**

**Counsel shall also prepare the exhibit and witness <u>lists</u> and provide them to the courtroom deputy in triplicate (3 total, 1 original and 2 copies) on the first day of the**

**hearing.**

1. All marked exhibits should be listed on an exhibit list in the proper format. Be sure to leave space for to add any additional exhibits to be added. Do not mark exhibits as admitted or witnesses as appearing. The courtroom deputy will complete these lists at the hearing.

2. All witnesses should be listed in alphabetic order on a witness list in the proper format.

3. DO NOT FILE these lists. They will be filed by the courtroom deputy at the conclusion of the hearing.

## STIPULATED EXHIBITS:

Parties may agree on exhibits prior to trial. Counsel may give the courtroom deputy clerk a list of the stipulated exhibits which will be marked into evidence after the parties move for their admission on the record.

## MEDICAL OR TECHNICAL TERMS:

Provide a list of medical or technical terms (in alphabetical order) to assist the court reporter prior to the commencement of trial. These lists should be emailed to the chambers email address.

## RETURN OF EXHIBITS:

1. Pursuant to Local Rule (LRCiv 79.1/LRCrim 57.11), all exhibits are returned to respective parties to retain custody pending all appeals. If the exhibits are not picked up within thirty (30) days of the Notice of Return of Exhibits, the clerk may destroy or otherwise dispose of those exhibits.

2. Usually trial exhibits are handed immediately back to the respective counsel by the courtroom deputy at the conclusion of trial. When the case is taken under advisement and a verdict or court ruling issues at a later date, a separate order will follow directing counsel to retrieve the exhibits from the courtroom deputy.

Sample exhibit and witness lists and exhibit tags forms are attached.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

**CRIMINAL/CIVIL EXHIBIT LIST**

_____Preliminary Injunction    _____TRO    _____Non-Jury Trial    _____Jury Trial

Case Number_CR (CV)_____    -_____    -_____    -MTL__    Date _____

_____vs._____

Plaintiff∕Petitioner                         Defendant∕Respondent

| EXHIBIT NUMBER | MARKED FOR IDENTIFICATION | ADMITTED IN EVIDENCE | DESCRIPTION |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

**CRIMINAL/CIVIL WITNESS LIST**

_____ Preliminary Injunction    _____ TRO    _____ Non-Jury Trial    _____ Jury Trial

Case Number CR (CV)_____    -_____    -_____    -MTL    Date _____

_____ vs. _____

_____ Plaintiff／Petitioner                         _____ Defendant／Respondent

| NAME | SWORN | APPEARED |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

- 10 -

CASE  NO.  _____

VS.  _____
PLAINTIFF'S  EXHIBIT  _____
DATE: _____  IDEN.
DATE:  _____  EVID.
  BY:  _____
        Deputy  Clerk

CASE NO. _____

VS. _____
DEFENDANT'S EXHIBIT _____
DATE: _____  IDEN.
DATE: _____  EVID.
   BY: _____
        Deputy Clerk